# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **GULF COAST VISUALS MANAGEMENT COMPANY, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**EDWARD J. WEDELSTEDT, individually, EDWARD J. WEDELSTEDT, as personal representative of THE ESTATE OF LYNDA ENTRATTER, deceased, Jefferson County, Alabama Probate Case No. 2011-213753, SOUTHERN STAR, LLC, and Fictitious Defendants A-J,**<br><br>    Defendants. | Case No. 2:17-CV-00121-TMP |

## OPPOSITION TO DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS

Defendants have moved to strike, or in the alternative, dismiss, plaintiff's amended complaint, arguing that the amended complaint (a) does not comply with the requirements of Rule 15 of the *Federal Rules of Civil Procedure*, (b) is filled with allegations that defendants claim to be immaterial, impertinent, and scandalous and thus due to be struck under Rule 12(f) F.R.C.P., and (c) because the amended complaint has failed to state claims upon which relief can be granted.

### STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Additionally, "[e]xhibits attached to the complaint are treated as part of the complaint for Rule 12(b)(6) purposes." Page v.

1

Postmaster Gen. & Chief Exec. Officer of U.S. Postal Serv., 493 Fed.Appx. 994, 995 (11th Cir.2012). "When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir.2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)(citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly at 556. "The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim." Id.

## ARGUMENT

I. **THE AMENDED COMPLAINT COMPLIES WITH RULE 15.**

Defendants first make the technical argument that the amended complaint is improper because "Plaintiff did not request leave of court." Def. Motion to Strike, § I, p. 3. Even if Gulf Coast did not seek leave of court, that does not render the amended complaint improper. "A court may deem an amended pleading submitted without permission to be properly filed, but may only do so if it determines that leave to amend, had it been sought, would have been granted." Harbeck v. Smith, 814 F. Supp. 2d 608, 633 (E.D. Va. 2011). *See also* Lyddy v. Bridgeport Bd. of Educ., 2008 WL 2397688, at *3 (D. Conn. June 10, 2008)("Nonetheless, a court may deem an amended pleading submitted without permission to be properly filed, but may only do so if it determines that leave to amend, had it been sought, would have been granted. In making this determination, the court should consider whether the pleader acted in good faith, whether there was undue delay in filing the amendment, whether the opposing party would suffer undue prejudice, and whether the

2

amendment raises meritorious claims").

The motion for leave was not filed with the amended complaint due to an oversight. The amended complaint was filed on time, defendants will not suffer undue prejudice[1], and the amended complaint raises a host of meritorious claims

## II. THE AMENDED COMPLAINT DOES NOT CONTAIN IMMATERIAL, IMPERTINENT, OR SCANDALOUS MATERIAL.

Defendants argue that:

Allegations related to Defendant Wedelstedt's criminal history, his alleged financial transgressions, and his alleged previous association with other individuals who may have committed wrongs have no value in developing the issues in this case, are not relevant to the issues involved in this action, and are grossly disgraceful and defamatory to Defendant Wedelstedt.

Def. Motion to Strike, p. 10.

The short answer is that Gulf Coast seeks adequate assurances that its investment of millions of dollars is not in vain. Defendants can make this simple by providing Gulf Coast with the documents that (a) defendants should have in their possession, and (b) which Gulf Coast is entitled to based on the case law provided to defendants–*especially* those that will provide Gulf Coast with the assurance that Entratter owned the Stock and that Gulf Coast's payments will not be intercepted by means of federal tax liens.

As to defendants' claims of disgrace and defamation, Edward Wedelstedt may be among the last persons with moral standing to assert those claims, much less legal standing, based on his record of impunity toward the laws of our country.

Legally, "Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, *often being considered "time wasters*," and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Carlson Corp./Se. v. Sch. Bd. of Seminole Cty., Fla., 778 F. Supp. 518, 519 (M.D. Fla. 1991)(emphasis added).

---

[1] Defendants did not claim any prejudice in their motion.

"Granting a motion to strike is a drastic remedy and is disfavored by the courts." Blake v. Batmasian, 318 F.R.D. 698, 700 (S.D. Fla. 2017). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Therefore, a motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id. at 700-01.

Defendants have not alleged nor shown that they will be prejudiced in any way from the alleged immaterial, impertinent, or scandalous matter. "Generally, however, unless the matters are prejudicial as well, a motion under 12(f) will not be granted." Magnavox Co. v. APF Elecs., Inc., 496 F. Supp. 29, 35 (N.D. Ill. 1980), citing 5 Wright & Miller, Federal Practice and Procedure s 1382, at 809-819 (1969).

"In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). "The Federal Rules of Civil Procedure have long departed from the era when lawyers were bedeviled by intricate pleading rules and when lawsuits were won or lost on the pleadings alone. Thus the courts should not tamper with the pleadings unless there is a strong reason for so doing." Id.

"Evidentiary questions, such as the one present in this case, should especially be avoided at such a preliminary stage of the proceedings. Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided. And ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone." Id.

"Rule 12(f) allows the court to strike anything "redundant immaterial, impertinent or scandalous." However, to be impertinent or immaterial, the allegations must have no possible bearing on the controversy. All of the matters that defendants are asking to have

4

stricken are relevant to the course of conduct set out as constituting violations of the securities laws." Employers Ins. of Wausau v. Musick, Peeler, & Garrett, 871 F. Supp. 381, 391 (S.D. Cal. 1994), *opinion amended on reconsideration*, 948 F. Supp. 942 (S.D. Cal. 1995).

"The Court may strike allegations which are redundant, immaterial, impertinent, or scandalous. However, the Court declines to do so unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." United States v. Sea Winds of Marco, Inc., 893 F. Supp. 1051, 1056–57 (M.D. Fla. 1995). In summary:

> A court should not ordinarily strike a portion of a complaint based on evidentiary questions such as relevancy and admissibility "on the sterile field of the pleadings alone" because they "general[ly] require the context of an ongoing and unfolding trial to be properly decided." As a general matter, motions to strike under Rule 12(f) are disfavored. "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." " 'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.' 'Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.' 'Scandalous matter' has been defined as 'that which improperly casts a derogatory light on someone, most typically on a party to the action.' "A court should not grant a motion to strike an allegation unless the allegation is clearly insufficient."

Aoki v. Benihana, Inc., 839 F. Supp. 2d 759, 764 (D. Del. 2012)(internal citations omitted).

Defendants' assertion of irrelevancy is general: defendants do not show specific examples of irrelevancy. In contrast, Gulf Coast took pains in its demand letter and amended complaint to demonstrate that the allegations in Gulf Coast's amended complaint are acutely relevant to the Estate's right to collect the Payments, as well as Wedelstedt's violations of securities laws and other issues raised in the pleading.

While defendants argue that Gulf Coast's allegations "are grossly disgraceful and defamatory to Defendant Wedelstedt," Def. Motion to Strike, p. 10, they do not set out or address the elements of a defamation claim, and they never state that the allegations are untrue, much less provide support for the same. Furthermore, for purposes of defendants'

motion to strike, the allegations in the amended complaint are taken as true.

Defendants argue that Wedelstedt's criminal history is not relevant to these proceedings. Gulf Coast stated, "Wedelstedt is a convicted felon, found guilty of federal income tax evasion, and who has been in prison three times." Amended Complaint, ¶ 22. Rule 609(a)(2) of the *Federal Rules of Evidence* states, "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving–or the witness's admitting–a dishonest act or false statement." The elements of tax evasion are "(1) an affirmative act constituting an evasion or attempted evasion of the payment or collection of taxes;(2) the existence of a substantial tax deficiency; and (3) that the defendant acted willfully." United States v. Daniels, 387 F.3d 636, 639 (7th Cir. 2004). Tax evasion is a dishonest act.

Rule 401 of the *Federal Rules of Evidence* states that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Wedelstedt's criminal history and financial history explains his relationship with Entratter, makes it more likely that the representations and warranties in the Purchase Agreement are false, makes it more likely that Wedelstedt never intended to honor the Purchase Agreement, makes it more likely that the stock is not free of liens, and makes it more likely that the argument that Gulf Coast operates under a verbal "lease" is false. Moreover, Wedelstedt's credibility is at issue, and "Character for truth is always and everywhere admissible." Creekmore v. Crossno, 259 F.2d 697, 699, n. 3 (10th Cir. 1958).

Gulf Coast alleged that "Wedelstedt is the subject of multiple federal tax judgments and liens. He has refused to produce income tax returns or an inventory filed by the Estate in response to discovery requests in the Alabama Suit. He has admitted to business practices characterized by keeping multiple sets of books." Amended Complaint, ¶ 21. These allegations, if true, are clearly relevant to the causes of action in the amended complaint.

6

### III. THE AMENDED COMPLAINT IS NOT A SHOTGUN PLEADING.

Defendants allege that the amended complaint is a shotgun pleading, a "rambling narrative." However, a reading of the amended complaint shows this is not the case.

In <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902 (11th Cir. 1996), the court found the complaint to be a shotgun pleading because it was "so muddled that it is difficult to discern what the appellants are alleging beyond the mere names of certain causes of action." *Id*. at 903. "It was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts." One of the counts, "Wrongful Placement and Adoption" stated the following:

> This count of the Complaint encompassed by the claim of "Wrongful Placement and Adoption" and sounding in tort law, includes but is not limited to the common law torts of negligent breach of duty; negligent hiring, training, supervision, discipline and retention of personnel; negligence per se; breach of fiduciary relationship; misrepresentation; fraud in the inducement and the act; undue influence; duress; and intentional infliction of emotional distress.

*Id*.at 905. Thus, the court stated, "Nowhere in count one do the Cesniks set forth any of the elements of these separate causes of action or the facts underpinning them. Rather, a reader of the pleading must discern these things for himself." *Id*. Furthermore, even though it was a shotgun pleading, the court held that muddled counts should be replead instead of dismissed. *Id*. at 910.

Compare that count to the counts of Gulf Coast's amended complaint. *E.g.,* in Count Six, "Suppression," the elements are pled and the facts underpinning them. Defendant's argument that Gulf Coast's amended complaint is a "rambling narrative" or shotgun pleading is meritless.

### IV. GULF COAST DOES HAVE A LEGAL BASIS FOR ITS CLAIMS.

Defendants argue that Gulf Coast has no legal basis for its claims because the entire amended complaint "is premised on the 'demand for assurances' Plaintiff sent to counsel for Defendants on June 27, 2017." This is untrue. A cursory glance through the amended complaint shows that it deals with vastly more than the demand for assurances, and that

defendants did not provide more than a teaspoon of assurances requested.

Second, defendants argue that Gulf Coast is not entitled to assurances because Article 2 of the UCC only deals with goods. Defendants' argument is easily dealt with because, *inter alia*, Gulf Coast relied on substantially more than Article 2 of the UCC. *See* Amended Complaint, p. 6, and attached <u>Exhibit 1</u>, p. 2. In addition to Article 2 of the UCC, Gulf Coast cited to Article 1 and 9 of the UCC, Section 440.1101 *et seq*. of the Michigan Code, RESTATEMENT OF THE LAW (CONTRACTS) §§ 251 and 253, and Michigan caselaw.

Moreover, even if Article 2 does not apply, it is persuasive in Alabama. "Contracting parties may, and often do, limit by agreement the non-breaching party's remedies in the event of breach. Although Article 2 of the Uniform Commercial Code (U.C.C.) does not apply here because this case does not involve a sale of goods, the U.C.C. is *instructive*." <u>McDonald v. Schwartz</u>, 706 So. 2d 1230, 1232 (Ala. Civ. App. 1997)(emphasis added). *See also* <u>Desouza v. Lauderdale</u>, 928 So. 2d 1035, 1044 (Ala. Civ. App. 2005)("Although Article 2 of Alabama's version of the UCC does not apply to real-estate transactions . . . that article, as *Turner, supra*, makes clear, is nonetheless persuasive in our analysis of the Desouzas' warranty claims.").

Third, defendants argue that adequate assurances were given. This is not the case. On page five of the demand letter, Gulf Coast demanded several assurances. Wedelstedt responded to the first and not the others.

Fourth, defendants argue that Gulf Coast's declaratory judgment claim fails as a matter of law because Gulf Coast has no right to demand assurances. As shown above and by the substantial body of case law cited in the demand letter, that is not the case. Also, the declaratory judgment claim seeks a declaration that Gulf Coast can withhold payments, or, in the alternative, that Gulf Coast can pay the amounts to the Clerk of the Court pending resolution of the dispute. Thus, the demand for assurances is but one part of the declaratory judgment count. *See* Amended Complaint, p. 15, Count Four.

Fifth, defendants argue that Wedelstedt is not in breach. If the allegations in the

amended complaint are true, Wedelstedt is most certainly in breach.

## CONCLUSION

The assurances requested relate to a commercial transaction and an estate. Wedelstedt is at the center of each. The reasonableness of Gulf Coast's requests can be demonstrated by a single request: that the Estate produce an inventory of assets, to assure Gulf Coast that the Estate holds the Stock. Any personal representative of an estate should have an inventory of the decedent's assets. That inventory is the first step in making sure that the Payments do not run afoul of the bevy of federal tax liens filed against Wedelstedt. Wedelstedt is the one who declared that "the deal [stock sale] is off."

Besides, Wedelstedt has not denied Gulf Coast's claims that Olsafsky was in Wedelstedt's camp when Olsafsky subjected Gulf Coast to a $1.3 million dollar judgment by diverting assets. He has not denied that criminal defendants in the subject industry play games with corporations to avoid the legal consequences of plea agreements in which the defendants promise not to engage in such activities. Wedelstedt should be willing to provide the assurances requested.[2] They are simple and straightforward. If Wedelstedt has nothing to hide, he should make resolution of this matter non confrontational.

Gulf Coast's amended complaint raises common sense issues that must be addressed for a full resolution of the dispute between the parties. Defendants' unwillingness to produce documents enhances Gulf Coast's concerns that illegal activity is afoot.

Gulf Coast respectfully requests this Honorable Court to deny defendants' motion.

Respectfully submitted,

*/s/ Roy T. Martin*

---

[2] For example, why would Wedelstedt, represented as he is by a law firm practicing in the spectrum of corporate and estate fields of law, not be willing to produce proof that Linda Entratter formed the corporations and held the Stock (in the corporations) at her death?

9

Roy Torbert Martin (MAR215)
Guy V. Martin, Jr. (MAR011)
MARTIN, RAWSON & WOOSLEY, P.C.
#2 Metroplex Drive, Suite 102
Birmingham, Alabama 35209
Telephone: (205) 802-1100

ATTORNEYS FOR PLAINTIFF
GULF COAST VISUALS
MANAGEMENT COMPANY, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2017, the foregoing was filed with the Court's electronic filing system on all counsel of record.

Jim Williams, Esq.
Ryan S. Daugherty, Esq.
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, AL 35205-2972

                                            */s/ Roy T. Martin*
                                            OF COUNSEL